UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CIVIL ACTION

VERSUS
                                                  NO. 21-441-BAJ-RLB
LYNN SIMON, M.D.

**ORDER**

Before the Court is Plaintiff's First Motion to Compel filed on May 6, 2022. (R. Doc. 11). The deadline for filing an opposition has expired. LR 7(f). Accordingly, the motion is unopposed.

Also before the Court is Plaintiff's Second Motion to Compel filed on May 27, 2022. (R. Doc. 13). The Court ordered any response to this motion to be filed on an expedited basis. (R. Doc. 15). The motion is opposed. (R. Doc. 17).

## I.    Background

On July 30, 2021, the United States of America ("Plaintiff") commenced this action against Dr. Lynn Simon, M.D. ("Defendant") to obtain injunctive relief and civil monetary penalties for violations of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. (the "C.S.A."), and its implementing regulations, 21 C.F.R. § 1301 *et seq*. (R. Doc. 1).

On March 8, 2022, Plaintiff served written discovery requests on Defendant consisting of three (3) requests for admission, nineteen (19) interrogatories, and twenty-seven (27) requests for production. (R. Doc. 11-2). Defendant had 30 days to respond to the written discovery requests after they were served. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3).

Plaintiff represents that on April 7, 2022 – thirty days after service of the written discovery – Defendant provided responses to the requests for admission but did not provide any responses for the interrogatories or requests for production. (R. Doc. 11-1 at 1). A week later, defense counsel advised Plaintiff's counsel that a production would be forthcoming, and Plaintiff's counsel requested a discovery conference. Plaintiff represents that it did not provide Defendant an extension of the deadline to provide discovery responses. (R. Doc. 11-1 at 1-2).

On April 18, 2022, the parties held a telephone conference in which defense counsel advised that they would "provide an estimate later that day on when the outstanding discovery would be produced" and "further advised some production would be forthcoming later that afternoon." (R. Doc. 11-1 at 2). It appears that Defendant provided his "First Responses" to the requests for production (but not the interrogatories) later that day, accompanied by certain document productions. (R. Doc. 11-4 at 1-11; *see* R. Doc. 11-1 at 2).[1] Defendant then provided his "Second Responses" to Request for Production Nos. 1, 3, and 5, with accompanying productions, on April 22, 2022. (R. Doc. 11-4 at 12-15; *see* R. Doc. 11-2).[2]

On April 22, 2022, after receipt of these productions, Plaintiff sent a deficiency letter to Defendant, stating that a motion to compel would be filed if Defendant did not provide outstanding discovery responses prior to April 26, 2022. (R. Doc. 11-3 at 1). The letter asserts that Defendant had not responded to any of the interrogatories and, accordingly, any objections to those interrogatories had been waived. (R. Doc. 11-3 at 2). The letter further asserts that

---

[1] Defense counsel did not date any of Defendant's written responses to discovery. The Court has derived the dates for the responses (and supplemental responses) from Plaintiff's First Motion to Compel. Defense counsel is advised to **date** any future written responses to discovery.

[2] In Defendant's second, third, and fourth responses to discovery, defense counsel renumbers the actual document requests served by Plaintiff. This creates unnecessary confusion. For example, in this "Second Responses" to Plaintiff's Requests for Production, Defendant inexplicably renumbers Plaintiff's Request for Production No. 3 as "Request for Production No. 2" and Plaintiff's Request for Production No. 5 as "Request for Production No. 3." Defense counsel is advised to **correctly number** any future written responses to discovery.

Defendant had provided incomplete responses to Request for Production Nos. 1, 5, 8, 14-15, 18-19, and 25; Defendant had provided no responses other than stating that documents will be provided or supplemented "upon receipt" for Request for Production Nos. 3-4, 6-7, 9-11, 13, 16-17, 20-21, 23-23, and 27; and Defendant had provided improper objections to Request for Production Nos. 4, 21, 23-24, and 27. (R. Doc. 11-3 at 2-3). Finally, the letter discussed the scheduling of depositions of Defendant and his spouse. (R. Doc. 11-3 at 3-4).

Between April 25, 2022, and May 6, 2022, Defendant provided a series of additional supplemental responses and productions pertaining to certain requests for production. (R. Doc. 11-1 at 2). On April 25, 2022, Defendant provided his "Third Responses" to Requests for Production Nos. 3, 6, 18, and 23-25. (R. Doc. 11-4 at 15-18).[3] On April 27, 2022, Defendant provided his "Fourth Responses" to Requests for Production Nos. 4, 7, 11, 13, and 21. (R. Doc. 11-4 at 19-21).[4] On April 29, 2022, Defendant provided his "Fifth Responses" to Requests for Production Nos. 5-6, 8-9, 15, 17, and 21. (R. Doc. 11-4 at 22-25). On May 3, 2022, Defendant provided his "Sixth Responses" to Requests for Production Nos. 8-10, 13, 17, and 27. (R. Doc. 11-4 at 26-29). On May 6, 2022, Defendant provided his "Seventh Responses" to Requests for Production Nos. 19, 21, and 27. (R. Doc. 11-4 at 30-32).

On May 6, 2022, Plaintiff filed his First Motion to Compel, which seeks complete responses to all outstanding interrogatories (to which no responses had been provided) and

---

[3] Request for Production No. 3 was mislabeled "Request for Production No. 1." Request for Production No. 6 was mislabeled "Request for Production No. 2." Requestion for Production No. 18 was mislabeled "Request for Production No. 3." Request for Production No. 23 was mislabeled "Request for Production No. 4." Request for Production No. 24 was mislabeled "Request for Production No. 5." Request for Production No. 25 was mislabeled "Request for Production No. 6."

[4] Request for Production No. 4 was mislabeled "Request for Production No. 1." Request for Production No. 7 was mislabeled "Request for Production No. 2." Request for Production No. 11 was mislabeled "Request for Production No. 3." Request for Production No. 13 was mislabeled "Request for Production No. 4." Request for Production No. 21 was mislabeled "Request for Production No. 5."

Request for Production Nos. 1, 5, 11, 20, 21, and 27. (R. Doc. 11). Plaintiff further argues any objections to Request for Production Nos. 21 and 27 are untimely and meritless.

Defendant did not file an opposition to Plaintiff's First Motion to Compel. Instead, Defendant provided responses to Plaintiff's First Set of Interrogatories on May 19, 2022. (R. Doc. 13-3). In these untimely responses provided only after the filing of a motion to compel, Defendant only responded to Interrogatory Nos. 1-11, 18, 19.[5] On that same day, the depositions of Defendant and his wife were taken. (R. Doc. 13-1 at 2). On May 20, 2022, Plaintiff emailed counsel for the Defendant regarding newly revealed discovery deficiencies as a result from the prior day's depositions. (R. Doc. 13-2 at 2-3). The parties conferred by telephone conference on May 26, 2022, to discuss the discovery deficiencies. (R. Doc. 13-4).

On May 27, 2022, Plaintiff filed his Second Motion to Compel. (R. Doc. 13). Plaintiff asserts that Defendant provided incomplete responses to Interrogatories Nos. 4-6, and 10, and no responses to Interrogatories Nos. 12-17. (R. Doc. 13-1 at 3-7). Plaintiff further seeks supplemental responses with respect to Request for Production Nos. 1, 4-6, and 8-9. (R. Doc. 13-1 at 8-13). Plaintiff certified that the telephone conference held on May 26, 2022 meets the requirements of Rule 37(a)(1). (R. Doc. 13-4).

On June 13, 2022, Defendant filed a 4-page opposition to Plaintiff's Second Motion to Compel. (R. Doc. 17). The opposition fails to raise any substantive arguments in response to Plaintiff's Motion to Compel. For example, Defendant does not explain why he did not provide timely responses or otherwise argue that his responses are sufficient and that his objections are merited. Instead, Defendant represents that "there was no nefarious conduct in the depositions or admissions or insinuation that documents were intentionally omitted from discovery responses."

---

[5] Interrogatory No. 18 was mislabeled "Interrogatory No. 12." Interrogatory No. 19 was mislabeled "Interrogatory No. 13."

(R. Doc. 17 at 3). Defendant further represents that he and his wife "quickly and without hesitation indicated a plan to search for and secure" additional responsive documents. (R. Doc. 17 at 3). Finally, Defendant argues that the telephone conference with Plaintiff on May 26, 2022, was understood as "a way to discuss the progress with the requests and confirm notes between counsel, and not as a formal Rule 37 conference." (R. Doc. 17 at 3). While Defendant admits that he has responded to discovery at a "tardy pace," he suggests that the Court should simply "defer ruling" on the Second Motion to Compel while he continues to respond to discovery. (R. Doc. 17 at 4).

## II.    Law and Analysis

### A.    General Legal Standards for Discovery

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A party must respond or object to an interrogatory or request for production within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

The party responding to discovery remains under a continuing duty to supplement or correct any incomplete or incorrect responses. *See* Fed. R. Civ. P. 26(e)(1)(A).

### B.    Waiver of Objections

Where a party does not provide timely objections to interrogatories or requests for production, they have waived their objections to these discovery requests, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6,

2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Defendant did not provide timely written responses or objections to Plaintiff's interrogatories or requests for production. Defendant does not assert that any stipulation was made pursuant to Rule 29 to allow untimely objections to written discovery after the 30-day deadline provided by Rules 33 and 34. Defendant also raises no arguments in support of a finding that he did not waive his objections to written discovery or that his objections are merited.

Given the foregoing, including the lack of any argument by Defendant, the Court concludes that Defendant has waived all objections to the written discovery at issue, with the exception of those pertaining to any applicable privileges or immunities.

### C.    Rule 37(a)(1) Certifications

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel. *Shaw Grp. Inc. v. Zurich Am. Ins. Co*., No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).

Here, Plaintiff's First Motion to Compel is supported by a Rule 37(a)(1) certificate providing that Plaintiff's counsel attempted to obtain complete discovery at a telephone conference held on April 18, 2022. (R. Doc. 11-5). Defendant did not oppose Plaintiff' First Motion to Compel and has raised no subsequent argument that the April 18, 2022 telephone conference was not held under Rule 37(a)(1).

 Plaintiff's Second Motion to Compel is similarly supported by a Rule 37(a)(1) certificate providing that Plaintiff's counsel attempted to obtain complete discovery at a telephone conference held on May 26, 2022 (R. Doc. 11-5). In his opposition, however, Defendant argues that the "May 26, 2022 conference was understood by [defense counsel] as a way to discuss the progress with the requests and confirm notes between counsel, and not as a formal Rule 37 conference." (R. Doc. 17 at 3).

The record indicates that on May 20, 2022, Plaintiff's counsel sent a detailed email to defense counsel identifying the discovery deficiencies that are the very subject of Plaintiff's Second Motion to Compel (namely those pertaining to Interrogatory Nos. 4-6, 10, and 12-17, and Request for Production Nos. 1, 4-6, and 8-9). (R. Doc. 13-2 at 2-3). On May 25, 2022, Plaintiff's counsel followed up on the e-mail by asking defense counsel for availability to discuss the topics detailed in the May 20, 2022 correspondence. (R. Doc. 13-2 at 2). While it appears that defense counsel did not respond to this communication by e-mail, there is no dispute that the parties held a telephone conference to this discovery on May 26, 2022, the day before the close of discovery.

Defendant argues that this telephone conference was an informal discussion for the purposes of comparing notes, not a Rule 37(a)(1) conference.  (R. Doc. 17 at 3-4). The record indicates otherwise. There is no evidence (or certification by defense counsel) that Plaintiff's counsel did not confer "in good faith" or that the conference did not take place "in an effort to

obtain [the discovery] without court action." *See* Fed. R. Civ. P. 37(a)(1). Plaintiff, through its

counsel, acted properly in attempting to obtain outstanding discovery responses without having

to file a motion to compel. Having failed to obtain the responses without court action, Plaintiff

properly filed its Second Motion to Compel on the discovery deadline to preserve its rights. *See*

L.R. 26(d)(1).

Having considered the record, the Court concludes that Plaintiff satisfied Rule 37(a)(1)

with respect to both motions to compel.

**D.    Plaintiff's Interrogatory Nos. 4, 5, 6, 10, 12, 13, 14, 15, 16, and 17**

Defendant's untimely responses to Plaintiff's interrogatories – which were provided after

the filing of the First Motion to Compel – are incomplete. (*See* R. Doc. 13-3). Through its

Second Motion to Compel, Plaintiff seeks supplemental responses to Interrogatory Nos. 4-6 and

10, and actual responses to Interrogatory Nos. 12-17. (R. Doc. 13-1 at 3). Defendant does not

attempt to explain the deficient (or absent) responses other than stating, in opposition to the

Second Motion to Compel, that he "has not willfully failed to answer interrogatories" and that he

has provided "most" of the necessary responses. (R. Doc. 17 at 2, 4).

Interrogatory No. 4 seeks identification of Defendant's employers from 2015 to the

present. (R. Doc. 11-2 at 4). Defendant's untimely response appears to be an incomplete draft

given that a new subsection is started but not completed. (R. Doc. 13-3 at 5). This response

requires supplementation identifying <u>each</u> of Defendant's employers from 2015 to the present,

including all of the specific information requested regarding the employer and Defendant's

employment.

Interrogatory No. 5 seeks identification of all persons or entities for whom Defendant has

performed services as an independent contractor. (R. Doc. 11-2 at 4). Defendant's untimely

response identifies one entity – Professional Management Services. (R. Doc. 13-3 at 5). Plaintiff asserts that Defendant "conceded during his deposition that he was previously employed by Dr. Luke Lee as well as other behavioral health providers." (R. Doc. 13-1 at 6). This response requires supplementation identifying <u>all</u> persons and entities for whom Defendant has had performance services as an independent contractor from 2015 to the present, including all of the specific information requested regarding the person or entity and the services provided.

Interrogatory No. 6 seeks identification of all of Defendant's domestic and foreign financial accounts currently held, managed, or administrated by Defendant or his spouse. (R. Doc. 11-2 at 4). Defendant's untimely response identified five financial institutions, but did not provide any of the specific information sought, including account numbers and balances. (R. Doc. 13-3 at 6). This response requires supplementation identifying the specific account information sought for each of the identified financial institutions, as well as the identity of any additional financial institutions not identified in the response.

Interrogatory No. 10 seeks a description of all actions and measures taken by Defendant to comply with the restrictions on his C.D.S. license and D.E.A. registration between 2011 and the present. (R. Doc. 11-2 at 6). Defendant's untimely response merely states: "This response will be supplemented." (R. Doc. 13-3 at 9). This patently insufficient "response" requires supplementation responding to the interrogatory in full without objection.

Interrogatory Nos. 12-17 seek responses identifying facts supporting various defenses raised by Defendant in his Answer or positions raised in his initial disclosures. (R. Doc. 11-2 at 6-7). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory

need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2).

Here, the Defendant did not provide any timely responses or objections to Interrogatory Nos. 12-17, or otherwise explain why Defendant failed to provide any response or objections to these interrogatories. Non-expert discovery in this action is closed. (*See* R. Docs. 12, 18). By or soon after the close of discovery, a "defendant should be able to *generally explain* the factual basis for each of the denials and affirmative defenses pled in its ... answer." *Barkley v. Life. Ins. Co. of North America*, No. 07-1498, 2008 WL 450138 (N.D. Tex. Feb. 19, 2008) (requiring answers to interrogatories seeking "the basis for each affirmative defense expressed in Defendant's Original Answer" after the close of discovery, but prior to the deadline to file dispositive motions). Given the record, the Court will require Defendant to answer these interrogatories at this time.

Based on the foregoing, the Court will order Defendant to provide complete responses to Interrogatory Nos. 4-6, 10, and 12-17, with no objections other than those pertaining to any applicable privileges or immunities, as described above.[6]

### E.      Request for Production Nos. 1, 4, 5, 6, 8, 9, 11, 20, 21, and 27

As discussed above, Defendant provided a series of rolling responses and productions to Plaintiff's Requests for Production. Nevertheless, Plaintiff's Request for Production Nos. 1, 4, 5, 6, 8, 9, 11, 20, 21, and 27 remain at issue. The Court will discuss these discovery requests individually below.

---

[6] It appears that Plaintiff is satisfied that Defendant provided complete response to the remaining interrogatories after the filing of the First Motion to Compel. Defendant is reminded of his duty to supplement or correct all discovery responses. *See* Fed. R. Civ. P. 26(e).

### 1.    Request for Production No. 1

Plaintiff's Request for Production No. 1 seeks production of "all documents referred to, relief upon, or identified by [Defendant] in responding to Interrogatory Nos. 1 through 18." (R. Doc. 11-2 at 8). In his initial untimely response, Defendant stated: "Please see documents attached hereto. Any additional documents responsive to this request will be supplemented upon receipt of same." (R. Doc 11-4 at 1). Defendant supplemented his response and production, again stating that any additional responsive documents would be produced when received. (R. Doc. 11-4 at 12). Defendant then supplemented his response by stating that he "produced the records he has access to" on April 22, 2022, but "does not have custody or control over the majority of the patients' records listed because they were not his private patients" and that he "could locate no other documents responsive to this request." (R. Doc. 11-4 at 16). It appears, however, that Defendant then produced additional documents with another supplemental response, stating that he "has no known additional documents responsive to this request." (R. Doc. 11-4 at 19).

Defendant partially responded to Plaintiff's interrogatories only after providing the foregoing responses to Plaintiff's Request for Production No. 1. There is no dispute that these responses are deficient because they pre-date Defendant's partial responses to Plaintiff's interrogatories. In its Second Motion to Compel, Plaintiff asserts that Defendant's spouse testified at her deposition that a yellow notepad was used to track expenses detailed in response to Interrogatory No. 1, and that this yellow notepad has not been produced. (R. Doc. 13-1 at 10).

The Court has required Defendant to provide supplemental responses to Plaintiff's interrogatories without objection. Defendant must also supplement his response to Request for Production No. 1 by producing all responsive, non-privileged documents in his possession, custody, or control that are referred to, relied upon, or identified in responding to the

interrogatories, including, if applicable, the yellow notepad described by Defendant's spouse at her deposition.

### 2.      Request for Production Nos. 4 and 6

Plaintiff's Request for Production No. 4 seeks production of  "all contracts or other agreements between [Defendant] and any health care provider related to the provision of medical, psychiatric, behavioral health, community mental health, or health care administrative service" including "any medical director agreements with health care providers." (R. Doc. 11-2 at 9). In his initial untimely response, Defendant objected that the request is "not reasonably limited in time and scope," indicated he is "not presently a medical director at any facility," and represented that he would supplement his response with responsive documents. (R. Doc. 11-4 at 3). In a supplemental response, Defendant produced certain documents and stated he "has no known additional documents responsive to this request." (R. Doc. 11-4 at 19).

Plaintiff's Request for Production No. 6 seeks production of all income records for Defendant and his spouse. (R. Doc. 11-2 at 9). In his initial untimely response, Defendant responded: "Please see documents attached hereto. This response will be supplemented upon receipt of any additional responsive documents." (R. Doc 11-4 at 3). In a supplemental response, Defendant referred Plaintiff to the April 22, 2022 production of documents in response to Request for Production No. 5. (R. Doc. 11-4 at 16). In an additional supplemental response, Defendant referenced additional documents produced in response to Request for Production No. 5, adding that he does not receive any "pay stubs" and only receives "Form 1099s." (R. Doc 11-4 at 22).

In its Second Motion to Compel, Plaintiff seeks a production of "invoices" and "rate sheets" identified by Defendant at his deposition as the best source of information on his terms of

employment and compensation where he entered into unwritten employment contract terms with state district courts, jail systems, and other contract employers. (R. Doc. 13-1 at 11). Plaintiff further represents that Defendant's spouse testified at her deposition that she used Poshmark and Square to run her home business, but no documents related to these platforms have been produced. (R. Doc. 13-1 at 11).

As discussed above, any objections to Plaintiff's Requests for Production have been waived. Defendant must supplement his response to Request for Production Nos. 4 and 6 by producing all responsive, non-privileged documents in his possession, custody, or control, including any "invoices" and "rate sheets" and documents related to Poshmark and Square identified at the depositions of Defendant and his spouse.

### 3.   Request for Production No. 5

Plaintiff's Request for Production No. 5 seeks production of "[Defendant's] tax returns, both federal and state, with supporting schedule and information for tax years 2015-2021. If the income tax return for any tax year has not been filed or is incomplete, then [Defendant shall] produce all records on which [Defendant], [Defendant's] spouse, or any of [Defendant's] agents or representatives intends to rely in formulating the tax return." (R. Doc. 11-2 at 9).

In his initial untimely response, Defendant states: "Please see documents attached hereto. This response will be supplemented upon receipt of any additional responsive documents." (R. Doc 11-4 at 3). Defendant supplemented his production twice. (R. Doc. 11-4 at 14, 22).

Plaintiff's First Motion to Compel seeks a supplemental production of Louisiana state tax returns, and supporting documents, for the tax years 2019 and 2020. (R. Doc. 11-1 at 7). Again, Defendant did not file any opposition to this motion or otherwise explain the deficient response.

Accordingly, Defendant must supplement his response to Request for Production No. 5 by producing all responsive, non-privileged documents in his possession, custody, or control, including Louisiana state tax returns, and supporting documents, for the tax years 2019 and 2020.

### 4.    Request for Production Nos. 8 and 9

Plaintiff's Request for Production No. 8 seeks production of "all documents relating to any financial accounts" used by Defendant or his spouse, including those on which Defendant or his spouse is a signatory or in which Defendant or his spouse had any interest, "together with the complete monthly statements, cancelled checks, and deposit and debit slips for the past twelve (12) months for each account." (R. Doc. 11-2 at 10). In his initial untimely response and supplemental response, Defendant produced certain documents. (R. Doc. 11-4 at 4, 23). In a later supplemental response, Plaintiff produced additional documents and referenced certain "documents produced on April 27, 2022 in response to Request for Production No. 13 which should have been produced in response to Request for Production No. 8." (R. Doc. 13-1 at 9).

Plaintiff's Request for Production No. 9 seeks production of "all documents relating to any IRA, 401K, Keough, SEP, or other tax-deferred account" used by Defendant or his spouse, including those on which Defendant or his spouse is a signatory or in which Defendant or his spouse had any interest, "together with complete statements of those accounts for the last twelve (12) months." (R. Doc. 11-2 at 10). In his initial untimely response, Defendant represented that the only tax-deferred account in which Defendant and his spouse have an interest is a Janus IRA, and documents regarding that account would be produced. (R. Doc. 11-4 at 5). In a supplemental response, however, Defendant stated that, "[a]t this time," he had "no documents responsive to this request." (R. Doc. 11-4 at 23). Defendant then provided another supplemental response and

production, stating that these were the "only documents" he could locate regarding the Janus IRA and that he "has no additional documents responsive to this request." (R. Doc. 11-4 at 27).

Plaintiff asserts that the responses to Request for Production Nos. 8 and 9 (as well as No. 6) are insufficient in light of information obtained during the deposition of Defendant and his spouse. (R. Doc. 13-1 at 11). Plaintiff represents that Defendant testified at his deposition that he participates in the CareSouth 401(k) plan managed by Mutual of America, but no related 401(k) documents have been produced. (R. Doc. 13-1 at 11). Plaintiff also represents that Defendant's own CareSouth W-2 identifies employer contributions to both a 401(k) and a Roth account, but no Roth documents have been produced. (R. Doc. 13-1 at 11). Finally, Plaintiff represents that Defendant's tax returns identify additional tax-deferred accounts with Hancock Whitney, Schwab, Wood Forest, and "LaCap" that have not been produced. (R. Doc. 13-1 at 11-12).

Defendant does explain why the foregoing documents related to income records, financial accounts, and tax-deferred accounts have not been previously identified or produced. Defendant must supplemental his response to Request for Production Nos. 8 and 9 (as well as Request for Production No. 6 to the extent applicable) by producing all documents in his possession, custody, or control that are responsive to those document requests.

**5.      Request for Production No. 11**

Plaintiff's Request for Production No. 11 seeks production of "the Motor Vehicle Certificate of Title (registration) on all vehicles currently titled in the name of [Defendant] or [Defendant's] spouse, together with documentary evidence of all liens encumbering said vehicles, and all payment books setting forth the monthly amount due on said liens and the current balances." (R. Doc. 11-2 at 10).

In his initial untimely response, Defendant stated: "These documents have been requested and will be supplemented upon receipt." (R. Doc. 11-4 at 5). Defendant supplemented his production by stating "Please see documents attached hereto. Any additional documents will be supplemented upon receipt." (R. Doc. 11-4 at 20). It appears that the Defendant provided loan statements regarding motor vehicles in his possession; however, he has not provided motor vehicle certificates of title as requested (R. Doc. 11-1 at 7).

Defendant must supplement his response to Request for Production No. 11 by producing all responsive, non-privileged documents in his possession, custody, or control, including the actual motor vehicle certificate of title for each vehicle identified.

### 6.    Request for Production No. 20

Plaintiff's Request for Production No. 20 seeks production of "all deeds, leases, contracts, and other documents representing any current ownership interest [Defendant] or [Defendant] spouse have in any real property and all deeds of trust, mortgages, or other documents evidencing encumbrances of any kind on [Defendant's] real property." (R. Doc. 11-2 at 12).

In his initial untimely response, Defendant stated: "These documents have been requested and will be supplemented upon receipt." (R. Doc. 11-4 at 8). It appears, however, that the Defendant has not provided any documents to the Plaintiff by the filing of the current motion, nor has he "represented he had no responsive documents under his possession, custody, or control." (R. Doc. 11-1 at 8). Defendant did not provide any supplemental response or production.

Defendant must supplement his response to Request for Production No. 20 by producing all responsive, non-privileged documents in his possession, custody, or control. In the

alternative, Defendant may certify that he has no responsive documents in his possession, custody, or control.

### 7.    Request for Production No. 21

Plaintiff's Request for Production No. 21 seeks production of "all life insurance policies in which [Defendant] [is] currently either the insured or the beneficiary." (R. Doc. 11-2 at 12).

In his initial untimely response, Dr. Simon objected "to the extent he may not know all the polices in which he is the named beneficiary. Without waiver of this objection, these documents have been requested and will be supplemented upon receipt." (R. Doc. 11-4 at 9). Defendant supplemented his production stating, "Please see documents attached hereto. Any additional documents will be supplemented upon receipt." (R. Doc. 11-4 at 21).[7] In additional supplemental responses and productions, Defendant again raised his initial objection. (R. Doc. 11-4 at 24, 31). Defendant added in his final supplemental response that "all documents responsive to this request were produced on April 29, 2021, Bates LS001237-LS001295." (R. Doc. 11-4 at 31).[8]

While Plaintiff represents that Defendant has produced four (4) life insurance policies, it is unclear whether any life insurance policies have been withheld based on Defendant's untimely objections. (*See* R. Doc. 11-1 at 8). To be clear, Defendant need not produce any documents of which he has no knowledge, including insurance contracts in which he is named the beneficiary but to which he has no knowledge. Defendant must supplement this request by either producing any additional responsive life insurance policies in his possession, custody, or control, or by certifying that he has no additional responsive documents in his possession, custody, or control.

---

[7] Supplemental Response to Request for Production No. 21 was mislabeled as "Supplemental Response to Request for Production No. 5."

[8] It appears that Defendant was referring to his April 29, 2022 production.

### 8.      Request for Production No. 27

Plaintiff's Request for Production No. 27 seeks production of "all communications from the Louisiana State Board of Medical Examiners and Louisiana Board of Pharmacy that [Defendant] [has] received from January 1, 2014, to the present, including but not limited to e-mail correspondence." (R. Doc. 11-2 at 13).

In his initial untimely response, the Defendant stated the following:" [Defendant] objections to this request because it is not reasonably limited in time and scope. Further, the request for 'all communications' over the period of eight (8) years is unduly burdensome. Without waiver of these objections, these documents have been requested and will be supplemented upon receipt." (R. Doc. 11-4 at 10). In a supplemental response, Defendant raised the same objections, stated he was producing "all known communications," and further stated he would supplemental his production "if he locates any additional documents responsive to this request." (R. Doc. 11-4 at 28). In yet another supplemental production, Defendant raised the same objections, produced "additional communications with the Louisiana Board of Pharmacy," and further stated that he would supplement his production "if he locates any additional documents responsive to this request." (R. Doc. 11-4 at 31).

As discussed above, Defendant waived his objection to Request for Production No. 27. Moreover, Defendant does not satisfy Rule 34(b)(2)(C) by stating whether any responsive materials have been withheld on the basis of his objection. Defendant has produced documents without identifying whether and to what extent he has limited the production. Furthermore, Defendant provides no explanation of where he searched for responsive documents and why certain documents were not produced in the initial production. The Court has no basis for determining whether Defendant conducted a diligent search for responsive documents.

Accordingly, Defendant must supplement this request by either producing any additional responsive documents in his possession, custody, or control, or by certifying that he has no additional documents responsive to this request in his possession, custody, or control.

F.     **Scheduling Order**

Having considered the record, and in light of the Court granting the relief requested by the Plaintiff, the Court finds good cause to modify the scheduling order. The undersigned understands that additional information has been disclosed since the filing of these motions and that it is possible that portions of this order are now moot. The defendant should make clear whether all responsive documents have been provided.

The next deadlines in this matter pertain to expert reports. It is clear that the vast majority of discovery at issue in the motions pertain to the defendant's finances. This information may be relevant and necessary for expert reports. Accordingly, the remaining deadlines set forth in the scheduling order, as amended (R. Doc. 20), will be extended.

III.    **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's First Motion to Compel (R. Doc. 11) and Plaintiff's Second Motion to Compel (R. Doc. 13) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall provide complete responses to Interrogatory Nos. 4, 5, 6, 10, 12, 13, 14, 15, 16, and 17, without objections other than those pertaining to any applicable privileges or immunities, and as detailed within the body of this Order, within **7 days** of the date of this Order, or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that Defendant shall provide complete responses to Request for Production Nos. 1, 4, 5, 6, 8, 9, 11, 20, 21, and 27, without objections other than

those pertaining to any applicable privileges or immunities, and as detailed in the body of this Order, within **7 days** of the date of this Order, or as otherwise agreed upon by the parties.

**IT IS FURTHER ORDERED** that the scheduling order in this matter is modified as follows:

Expert reports must be submitted to opposing parties as follows:

    **Plaintiff(s):**        **August 30, 2022.**

    **Defendant(s):**      **September 27, 2022.**

    **Plaintiff(s) rebuttal:**  **October 11, 2022.**

Discovery from experts must be completed by **October 28, 2022.**

Deadline to file dispositive motions and Daubert motions: **November 18, 2022**.

**All other deadlines remain as previously set.**

Signed in Baton Rouge, Louisiana, on August 2, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**